IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SELECT REHABILITATION, LLC<br>and REHABCARE GROUP EAST, LLC<br>d/b/a REHABCARE,<br><br>    PLAINTIFFS<br><br>v.<br><br>ANR1 L.L.C. d/b/a ARKANSAS<br>NURSING AND REHABILITATION<br>CENTER; ACC1 L.L.C. d/b/a ARKANSAS<br>CONVALESCENT CENTER; and<br>CAPSTONE HEALTH GROUP, LLC<br>d/b/a CAPSTONE HEALTHGROUP,<br><br>    DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. ___3:23CV-149-DJH___<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

## COMPLAINT

---

Plaintiffs, Select Rehabilitation, LLC ("Select") and RehabCare Group East, LLC d/b/a RehabCare ("RehabCare" and individually and collectively with Select, "Plaintiff"), state as follows for the Complaint against Defendants, ANR1 L.L.C. d/b/a Arkansas Nursing and Rehabilitation Center ("ANR"), ACC1 L.L.C. d/b/a Arkansas Convalescent Center ("ACC"), and Capstone Health Group, LLC d/b/a Capstone HealthGroup ("Capstone" and collectively with ANR and ACC, the "Defendants").

## NATURE OF THE ACTION

1.      This action arises out of ANR and ACC's failures to pay for therapy services provided by Plaintiff to residents of the skilled nursing facilities operated by ANR and ACC as set forth below. Further, Capstone improperly interfered with contracts between Plaintiff and ANR and ACC respectively.

## THE PARTIES

2.      Select is a Delaware limited liability company with its principal place of business in Chicago, Illinois. None of Select's members reside in or are domiciled in Texas, and thus for purposes of federal diversity jurisdiction, Select is not a citizen of Texas. Select provides therapy services to residents of long term care and skilled nursing facilities.

3.      RehabCare is a Delaware limited liability company with its principal place of business in Chicago, Illinois. None of RehabCare's members reside in or are domiciled in Texas, and thus for purposes of federal diversity jurisdiction, RehabCare is not a citizen of Texas. RehabCare provides therapy services to residents of long term care and skilled nursing facilities.

4.      ANR is a Louisiana limited liability company. ANR's sole member is Kyle Deshotels who is an individual citizen and resident of the state of Texas, maintaining his domicile in Sherman, Texas. Therefore, ANR is a citizen of Texas for purposes of federal diversity jurisdiction. ANR may be served through its registered agent Kyle Deshotels, 2107 Dudley Street, Texarkana, AR 71854. ANR operates a skilled nursing facility located at 2107 Dudley St., Texarkana, AR 71854 ("ANR Facility").

5.      ACC is a Louisiana limited liability company. ACC's sole member is Kyle Deshotels who is an individual citizen and resident of the state of Texas, maintaining his domicile in Sherman, Texas. Therefore, ACC is a citizen of Texas for purposes of federal diversity jurisdiction. ACC may be served through its registered agent Kyle Deshotels, 2107 Dudley Street, Texarkana, AR 71854. ACC operates a skilled nursing facility located at 6301 S Hazel St., Pine Bluff, AR 71603 ("ACC Facility" and with the ANR Facility, the "Facilities").

6.      Capstone is an Arkansas limited liability company. Capstone's sole member is Kyle Deshotels who is an individual citizen and resident of the state of Texas, maintaining his domicile in Sherman, Texas. Therefore, Capstone is a citizen of Texas for purposes of federal diversity

2

jurisdiction. Capstone may be served through its registered agent Kyle Deshotels, 2107 Dudley Street, Texarkana, AR 71854. Capstone is a company that owns and operates skilled nursing facilities and facilitates real estate transactions in the senior living market.

<strong><u>JURISDICTION AND VENUE</u></strong>

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.    This Court has personal jurisdiction because the Defendants transacted business in this Commonwealth pursuant to the Agreements as defined and discussed *infra.*

9.    Venue is proper in this Court pursuant to Section 11.9 of the ANR Agreement and ACC Agreement as defined and discussed *infra* in which the parties agreed that "[a]ny legal action related to the terms, conditions or rights set forth in this Agreement will be venued in Jefferson County, Kentucky."

<strong><u>COUNT I – BREACH OF CONTRACT</u><br>(ANR AND ACC)</strong>

10.    Effective October 1, 2019, Plaintiff entered into an Amended and Restated Therapy Services Agreement as modified from time to time with ANR (the "ANR Agreement").

11.    Effective October 1, 2019, Plaintiff entered into an Amended and Restated Therapy Services Agreement as modified from time to time with ACC (the "ACC Agreement").

12.    Pursuant to the ANR Agreement and the ACC Agreement, Plaintiff provided therapy services to residents of the Facilities, and Plaintiff performed all obligations required of it under the contracts, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

13.    Pursuant to the ANR Agreement and the ACC Agreement, ANR and ACC are obligated to pay for the services provided by Plaintiff.

14.     Despite repeated demands for the sums due and owing under the ANR Agreement and ACC Agreement, ANR and ACC failed and refused to pay for services provided by Plaintiff.  The outstanding balances are accruing interest pursuant to the terms of the respective agreements.

15.     ANR and ACC failed to pay all invoices as they became due, and thus on or about May 19, 2022, ANR and ACC entered into separate but materially similar Payment Agreements with Plaintiff pursuant to which ANR and ACC agreed to make certain, additional monthly payments to Plaintiff for amounts owed, in addition to paying the monthly invoices for ongoing services that Plaintiff was providing to the residents of the Facilities.  Collectively, the ANR Agreement, ACC Agreement, and Payment Agreements are the "Agreements."[1]

16.     However, ANR and ACC failed to make payments owed under the Agreements.

17.     Plaintiff has conferred with ANR and ACC numerous times regarding the outstanding invoices for services provided and amounts past due and made repeated demands for payment.

18.     During conferences between Plaintiff and ANR and ACC, ANR and ACC represented to Plaintiff that the outstanding invoices would be paid and requested that Plaintiff continue to provide services.

19.     Despite Plaintiff's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, ANR and ACC failed to pay for services provided by Plaintiff.

20.     ANR and ACC entered into the Agreements with Plaintiff or induced Plaintiff to continue to provide services with no intention of paying outstanding invoices or otherwise performing as required under the Agreements.

---

[1] The Agreements contain confidential information, including pricing information, and have not been provided. Defendants have a copy of the Agreements.  Unredacted copies can be provided to the Court and Defendants upon request and subject to appropriate confidentiality protections.

21.    Upon information and belief, ANR and ACC have been reimbursed by Medicare or other third party payors for all or a significant portion of the services provided by Plaintiff and have directly or indirectly benefitted from such reimbursement.

22.    The Agreements are valid and enforceable contracts.

23.    Without legal justification or excuse, ANR and ACC materially breached the Agreements with Plaintiff by failing to perform their obligations thereunder.

24.    As a direct and proximate result of the breaches of the Agreements, Plaintiff has suffered damages.

25.    Pursuant to Section 4.3 of the ANR Agreement and ACC Agreement, "[i]f [ANR or ACC] fails to make any payment when due, late payments will bear interest from the date an invoice is due until paid, at the rate of 1.5% per month pro-rated for partial months."

26.    Pursuant to Section 4.3 of the ANR Agreement and ACC Agreement, "[i]f [Plaintiff] is required to collect any amounts past due through use of an attorney, then [ANR or ACC] will be responsible for payment of all of [Plaintiff's] reasonable legal fees and other costs of collection." Further, pursuant to Section 11.14 of the ANR Agreement and ACC Agreement, "[i]n the event of the commencement of a suit to enforce any of the terms or conditions of this Agreement, the prevailing Party in such litigation will be entitled to reasonable attorneys' fees and costs from the other Party."

27.    Plaintiff has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of ANR and ACC.  Plaintiff is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which also shall be the responsibility of ACC and ANR.

28.    Pursuant to Section 4.3 of the ANR Agreement and ACC Agreement, "[a]ll funds collected by [ANR or ACC] from all sources which represent funds collected for Therapy Services

provided by [Plaintiff] for which [Plaintiff] has not been paid will be deemed held in trust by [ANR or ACC] for the benefit of [Plaintiff] in the amounts owed to [Plaintiff]."

29.     Thus, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by ANR and ACC as reimbursement by Medicare for therapy services provided by Plaintiff, plus interest, costs, and attorneys' fees.

### COUNT II – UNJUST ENRICHMENT
### (DEFENDANTS)

30.     In the alternative to Count I, Plaintiff asserts this claim for Unjust Enrichment.

31.     Except to the extent inconsistent with the relief requested in this Count, Plaintiff incorporates by reference each and every allegation set forth above.

32.     Plaintiff has provided valuable services to Defendants for which it has not been paid.

33.     Plaintiff's services were rendered under circumstances pursuant to which Defendants reasonably should have expected Plaintiff would expect to be compensated.

34.     Defendants have knowingly and willingly received, or will receive, reimbursement by Medicare and/or other third party payors, directly or indirectly, for services provided by Plaintiff and have wrongfully and intentionally withheld or will withhold such amounts from Plaintiff.

35.     Consequently Plaintiff has been unjustly enriched through the receipt of such services and at the expense of Plaintiff.

36.     Furthermore, Defendants have a legal and fiduciary duty to immediately remit proceeds received in reimbursement from Medicare to Plaintiff if they have not timely paid invoices for services provided by Plaintiff.

37.     For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendants as reimbursement by Medicare for therapy services provided by Plaintiff, plus interest, costs, and attorneys' fees.

## COUNT III – ACCOUNT STATED
### (ANR AND ACC)

38.     In the alternative to Counts I and II, Plaintiff asserts this claim for Account Stated.

39.     Except to the extent inconsistent with the relief requested in this Count, Plaintiff incorporates by reference each and every allegation set forth above.

40.     ANR and ACC agreed to pay Plaintiff for the services Plaintiff rendered to ANR and ACC.

41.     ANR and ACC, without justification, excuse, or dispute of such invoices, have not paid Plaintiff their respective full amounts invoiced and have acquiesced to the accuracy of the accounts by failing to timely object to the invoices.

42.     ANR and ACC further expressly or impliedly promised to pay Plaintiff their respective outstanding amounts.

43.     ANR and ACC have not paid their respective balances set forth in the invoices.

44.     Plaintiff has been damaged as a result in an amount to be proven at trial.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACTS
### (CAPSTONE)

45.     Plaintiff asserts this claim for Tortious Interference against Capstone.

46.     Except to the extent inconsistent with the relief requested in this Count, Plaintiff incorporates by reference each and every allegation set forth above.

47.     The ANR Agreement is a valid contractual relationship between ANR and Plaintiff.

48.     The ACC Agreement is a valid contractual relationship between ACC and Plaintiff.

49.     The Payment Agreements are valid contractual relationships between ANR and Plaintiff and ACC and Plaintiff as applicable.

50.     Capstone is not a party to any of the Agreements.

51.     Capstone knew about each of the Agreements.

52.     Capstone controls the operations of ANR and ACC and has decision-making authority over all material functions of the operations of ANR and ACC, including but not limited to payment of funds from, or on behalf of, ANR and ACC.

53.     Capstone used its management control over ANR and ACC to intentionally and without justification or privilege cause ANR and ACC to breach their respective Agreements with Plaintiff.

54.     As a direct and proximate cause of Capstone's tortious interference, Plaintiff has been damaged in an amount to be proven at trial.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

A.      An award of damages in an amount to be proved at trial;

B.      Plaintiff's costs, expenses, and attorneys' fees associated with prosecution of this action;

C.      The imposition of a constructive trust on sums received by Defendants as set forth herein;

D.      Pre-judgment and post-judgment interest; and

E.      All other relief to which Plaintiff may be entitled.

Dated:  March 27, 2023

Respectfully submitted,

*/s/ Phillip A. Martin*

FULTZ MADDOX DICKENS PLC
Phillip A. Martin (KY# 88985)
Laura M. Brymer (KY #95038)
101 S. Fifth Street, Ste. 2700
Louisville, KY 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
pmartin@fmdlegal.com
lbrymer@fmdlegal.com
*Counsel for Plaintiffs*